**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ERIC WILLIAMS,

    Plaintiff,

                                        Civil Action No. 18-11485

v.

                                        HON. DENISE PAGE HOOD

AK STEEL CORPORATION,

    Defendant.

_____/

**ORDER DENYING PLAINTIFF'S**
**MOTION FOR RECONSIDERATION [#29]**

**I.  INTRODUCTION**

On May 31, 2020, the Court granted Defendant AK Steel Corporation's Motion for Summary Judgment and dismissed Plaintiff Eric Williams' 10-count Complaint. [ECF No. 27]  On June 29, 2020, Plaintiff filed a Motion for Reconsideration. [ECF No. 29]  For the reasons that follow, the Court denies the Motion for Reconsideration.

**II.  LEGAL STANDARD**

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the Court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). *See also*

1

*Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D.Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E.D. Mich. L.R. 7.1(h)(3). *Brown v. Walgreens Income Protective Plan for Store Managers*, No. 10-CV-14442, 2013 WL 1040530, at *1 (E.D. Mich. Mar. 15, 2013). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3).

## III.  ANALYSIS

### A.  No Misstatement of Fact, Nor an Affect on the Court's Entire Analysis

Plaintiff contends that, when discussing the Equal Employment Opportunity Commission's ("EEOC") 300-day statute of limitations applicable to Plaintiff's Title VII claims, the Court did not state the date that Plaintiff allegedly went to the EEOC. ECF No. 29, PageID.689. In its Order, however, the Court stated: "Plaintiff also filed a Charge of Discrimination with the Equal Employment Opportunity Commission

("EEOC") on April 11, 2017 in which he alleged race discrimination and retaliation. Dkt. No. 1, Ex. A." ECF No. 27, PageID.660 (emphasis added). Plaintiff suggests that an earlier date controls (specifically, the date the intake questionnaire was submitted to the EEOC), but he does not identify any such earlier date in his Motion for Reconsideration. The Court concludes that Plaintiff has not established an earlier date from which the 300-day period that the Court's analysis in the Order should have commenced. Plaintiff has not demonstrated that the Court should have taken into account the June 10, 2016 or May 25, 2016 incidents of which he complains.

**B.    No Clear Errors of Law**

Plaintiff argues that the Court erred when finding that numerous statements allegedly attributable to David Klein were inadmissible hearsay. Plaintiff cites "Michigan" Rule of Evidence 801(d)(2) in support of his contention that Klein's statements would be party admissions. The Court agrees that Federal Rule of Evidence 801(d)(2) (which applies in this federal case) allows party admissions as admissible hearsay and that statements of Klein could be party admissions. Except for Plaintiff's contention that Klein said "n - - - - -" when speaking to Plaintiff on June 10, 2016, the source of each of the other statements attributable to Klein has not testified at deposition or submitted an affidavit that Klein said what has been alleged. Rather, each such statement has been claimed by one person (usually Plaintiff) who

3

states that a second person told Plaintiff that Klein uttered the statement. Plaintiff, however, failed to submit evidence to the Court that addresses the second level of hearsay that exists with respect to each of those alleged statements by Klein and that is why the statements are inadmissible. Plaintiff has not rectified that deficiency in his Motion for Reconsideration.

**C.     Reasonable Inferences in Plaintiff's Favor**

Plaintiff contends that the Court should have taken into consideration that the video of his activities on the night of March 16-17, 2017 skipped when conducting its pretext analysis, rather than "d[rawing] a conclusion that made it seem as if Defendant and its agents had ever reviewed a copy that did not skip." ECF No. 29, PageID.693 (citing ECF No. 27, PageID.658). Plaintiff states that "even Defendant was concerned about the skipping in the video given Plaintiff's claims." *Id.* Plaintiff's argument is not supported by the language of the Order, wherein the Court noted that virtually everyone who was identified in the Order had watched the video that skipped (*i.e.*, there were periods of seconds or more that were no longer visible). The persons who claimed to have watched a non-skipping video (before the video was converted to DVD) were Mark Godau and Donald Fowler, but the Court also noted that Fowler's March 27, 2017 email reflects that he watched a video that "jump[ed] several seconds at a time." ECF No. 27, PageID.658 (citing ECF No. 24, Ex. I). The Court's

4

consideration of the video took into account that it skipped and not every second was visible, but the Court also noted that there were relevant periods on the video during which no skipping occurred. The Court concludes that Plaintiff has not established that there was any palpable defect in the Court's analysis with respect to the video.

**D.    No Viable Title VII Retaliation Claim**

Plaintiff states, without support, that "[t]here is dueling testimony as to whether Plaintiff reported the racial aggression of David Klein to management." ECF No. 29, PageID.693. Plaintiff did not: (1) in his response to the motion for summary judgment; or (2) in his motion for reconsideration, direct the Court to any instance when he complained to any manager or human resources or other authoritative figure (other than allegedly to Klein himself) that Klein was racist or treated Plaintiff differently because of Plaintiff's race. There is only evidence that Klein communicated to other persons who worked for Defendant that Plaintiff accused Klein of being racist. The "Declaration" of Peter Gumm (a person who was not even mentioned in Plaintiff's response to the motion for summary judgment but who has since become a client of Plaintiff's counsel), upon which Plaintiff relies lacks any specificity, most notably with respect to Plaintiff. Peter Gumm does not say to whom Plaintiff allegedly stated that Klein treated black employees worse than white employees. *See* ECF No. 29-2, PageID.718 (¶¶ 3 and 4 state: "3.  I was aware of

5

multiple employees that worked under David Klein had interactions with David Klein that they thought that he was racist and reported this conduct to their supervisors." and "4. For example, Eric Williams who made the allegation that David Klein treated black employees worse than white employees."). The Court finds that Plaintiff still has not established a Title VII retaliation claim.

### E. No Viable Title VII Race Discrimination Claim

Plaintiff's first argues that the Court applied the wrong statute of limitations with respect to his Title VII race discrimination claim; as discussed above, the correct statute of limitations has been applied for purposes of a Title VII race discrimination claim. Even if Plaintiff is correct that the Court needs to consider Klein calling Plaintiff the "n-word, among other things," the single utterance of that word does not establish a race discrimination claim. *See, e.g., Nicholson v. City of Clarksville*, 530 F. App'x 434, 444-46 (6th Cir. 2013) (four instances of racial slurs over the course of two years one of which was directed at the plaintiff, was not sufficient to establish a viable race discrimination on a failure to promote claim). *See also Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 354 (6th Cir.1998) ("In assessing the relevancy of a discriminatory remark, we look first at the identity of the speaker. An isolated discriminatory remark made by one with no managerial authority over the challenged personnel decisions is not considered indicative of ... discrimination.").

6

Plaintiff has not produced sufficient admissible evidence (as opposed to allegations and inadmissible hearsay) to establish a viable race discrimination claim.

**F.     No Pretext**

Plaintiff contends that Defendant's changing rationale for his termination is evidence of pretext. Citing *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1167 (6th Cir. 1996). Plaintiff suggests that the reason for his termination changed "by the day." A review of the record, however, reveals that Defendant never gave any reason for Plaintiff's termination other than its position that Plaintiff falsified documents in connection with his activities on March 16-17, 2017. An internal email from one employee suggested that Plaintiff could have been fired for attendance deficiencies, but Defendant has never offered attendance issues as a basis for terminating Plaintiff.

Defendant's reliance on: (a) a "shoddy" or "sham" investigation into Plaintiff's alleged misconduct; (b) the absence of documentation regarding the re-measurement of the roll; (c) the absence of a video that does not skip "minutes at a time;" and (d) Defendant's failure to train Plaintiff as a roll grinder are not new arguments. Each of these arguments is a reiteration of an argument made in his response to the motion for summary judgment, and the Court need not re-weigh them in evaluating his motion for reconsideration. *See* E.D. Mich. L.R. 7.1(h)(3) ("the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the

Court, either expressly or by reasonable implication.").

Conversely, Plaintiff cites the Declaration of Peter Gumm, a former employee of Defendant, that was submitted to Court for the first time as an exhibit to the Motion for Reconsideration – long after Plaintiff's briefing and argument regarding the issue of pretext in his response to Defendant's motion for summary judgment. Although Mr. Gumm may not have approached Plaintiff's counsel regarding the information in Mr. Gumm's Declaration, that information was or could have been known to Plaintiff before Plaintiff filed its response to the motion for summary judgment. Mr. Gumm's Declaration is untimely with respect to the motion for reconsideration and does not constitute a palpable defect by which the parties and the Court have been misled. And, as noted above, the Declaration of Mr. Gumm lacks any specificity, most notably with respect to Plaintiff, that would establish pretext of race discrimination or retaliation. *See* ECF No. 29-2, PageID.718 (¶¶ 3 and 4).

**G.     No Triable Issues re: Hostile Work Environment and Emotional Distress**

Plaintiff's arguments in his motion for reconsideration with respect to his hostile work environment and intentional infliction of emotional distress claims represent a rehashing of his arguments at the summary judgment stage. As "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication," E.D.

Mich. L.R. 7.1(h)(3), the Court finds that Plaintiff has not satisfied his burden on either of these two claims. The Court notes that Plaintiff cites some new cases in the motion for reconsideration. All of those cases were decided before he filed his response in opposition to Defendant's motion for summary judgment, however, and could have and should have been argued in the response.

**H. Conclusion**

For the reasons stated above, the Court concludes that Plaintiff has not demonstrated that the Court made an obvious, clear, unmistakable, manifest, or plain error, nor has he shown a palpable defect by which the Court and the parties have been misled. Plaintiff's Motion for Reconsideration is denied.

**IV. CONCLUSION**

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration [ECF No. 29] is DENIED.

IT IS ORDERED.

Dated: December 21, 2022

s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE